# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-706V
Filed: November 9, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| KATHLEEN WYATT, | * |
| | *   UNPUBLISHED |
| Petitioner, | * |
| v. | *   Interim Attorneys' Fees and Costs; |
| | *   Denial; Moot. |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Braden A. Blumenstiel, Esq.*, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
*Jennifer L. Reynaud, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 5, 2014, Kathleen Wyatt ("Ms. Wyatt" or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act" or "the Program"). Petitioner alleged that she received a Fluarix vaccine on October 1, 2012, and suffered "joint pain in lower and upper extremities, radiating to upper torso affecting ADL caused by the Fluarix, the flu vaccine." *See* Petition ("Pet.") at 1. Petitioner requests Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 115. However, petitioner's case has

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

concluded, therefore petitioner's Motion for Interim Fees is moot. Accordingly, petitioner's Motion for Interim Fees is hereby **DENIED.**

## I. Procedural History

On August 5, 2014, petitioner filed her petition along with a compact disc containing Petitioner's Exhibits 1-15.[3] ECF No. 1. A Statement of Completion was filed on August 25, 2014. ECF No. 7.

This case was initially assigned to Chief Special Master Dorsey.[4] This case has a long and complicated procedural history detailed in the Decision Denying Entitlement issued on December 17, 2018 and incorporated herein by reference. ECF No. 106.

On January 19, 2019, petitioner filed a Motion for Review pursuant to Vaccine Rule 23. Motion for Review, ECF. No. 108. Respondent filed a Response to petitioner's Motion for Review on February 15, 2019. Response, ECF No. 110. On June 5, 2019, Judge Williams of the Federal Claims Court issued an Opinion denying petitioner's Motion for Review. Opinion, ECF. No. 111; *Wyatt v. Sec'y Health & Human Servs.*, 144 Fed. Cl. 531, 533 (2018).

On August 6, 2019, petitioner filed a Notice of Appeal in the Federal Circuit Court of Appeals. Notice of Appeal, ECF No. 113.

On March 25, 2020, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF. No. 115. On April 8, 2020, respondent filed an unopposed Motion for Extension of Time, requesting until June 8, 2020, to file a response. ECF No. 116. Respondent's Motion was granted. Non-PDF Order, issued Apr. 8, 2020. On June 8, 2020, respondent filed a Motion for Extension of Time, requesting until July 23, 2020, to file his response. ECF No. 117. Respondent's Motion was granted. Scheduling Order, ECF No. 118. Respondent filed his response on July 23, 2020. Response, ECF No. 119. A deadline of July 30, 2020 was set for petitioner to file a reply. Petitioner did not file anything in response to this deadline.

On August 13, 2020, petitioner filed an untimely Motion for Extension of Time. ECF No. 120. Petitioner provided no explanation for the missed July 30, 2020 deadline or for why the instant motion was being filed two weeks out of time. The undersigned issued an Order granting petitioner's Motion for Extension of Time, however noted that petitioner made several errors in her filing and petitioner's counsel has routinely disregarded deadlines. Petitioner's counsel was not to be paid for drafting the reply. Scheduling Order, ECF No. 121. Petitioner filed her Reply on August 27, 2020. Reply, ECF No. 122.

---

[3] In addition to her medical records, the CD contained a Wage Loss Computation (Petitioner's Exhibit ("Pet. Ex.") 11), Payroll Records (Pet. Ex. 12), a Life Expectancy Chart (Pet. Ex. 13); a PDR Brochure on flu vaccines and an article by CDC on Guillain-Barré ("GBS") (collectively as Pet. Ex. 14).

[4] This case was reassigned to me on October 22, 2015. ECF No. 41.

On September 8, 2020, the Court of Appeals for the Federal Circuit issued a Decision affirming the undersigned's decision and the Claims Court denial of petitioner's Motion for Review. *Wyatt v. Sec'y Health & Human Servs.*, 825 F. App'x 880, 888 (Fed. Cir. 2020).

## II. Mootness

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352.

Litigation in this case is no longer ongoing. Petitioner's case has been dismissed, denied for review, and the Federal Circuit has affirmed both the dismissal and the denial of review. Petitioner's Motion for Interim Fees is therefore moot. Petitioner must file a timely Motion for Final Attorneys' Fees and Costs.

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **DENIED**. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                    **s/ Mindy Michaels Roth**
                                                    Mindy Michaels Roth
                                                    Special Master